UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TORRE L. BEY,

        Petitioner,

  v.                                            Case No. 20-cv-1584-pp

ERNELL L. LUCAS,

        Respondent.

---

**ORDER DENYING *HABEAS* PETITION (DKT. NO. 1), DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE CERTIFICAT OF APPEALABILITY**

---

On October 15, 2020, the petitioner, a detainee at the Milwaukee County Jail who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his pretrial detention in the jail while awaiting trial on charges of first-degree intentional homicide as a party to a crime. Dkt. No. 1. He has not paid the $5.00 filing fee. The petitioner is not eligible for *habeas* relief, and the court will dismiss the petition.

**I.    Background**

The petition indicates that the petitioner is challenging his illegal pretrial detention in Case No. 2020CF002286. Dkt. No. 1 at 4. The court has reviewed the publicly available docket for the case. See State v. Bey, Milwaukee County Case No. 20CF002286 (available at https://wcca.wicourts.gov). The docket shows that on June 30, 2020, the District Attorney's Office filed a complaint against the petitioner. Id. As of October 23, 2020, a charge of first-degree

1

intentional homicide as a party to a crime remains pending, with a final pretrial conference scheduled for December 15, 2020 and a jury trial scheduled for January 25, 2021. Id. The docket shows that the petitioner remains in custody, the court having denied a bail motion on September 28, 2020. Id.

## II. Rule 4 Screening

### A. Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for habeas relief, abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

2

Case 2:20-cv-01584-PP   Filed 10/28/20   Page 2 of 6   Document 5

Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is generally available only after the petitioner has exhausted state-court remedies. Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B.  The Petition

The petition asserts four grounds for relief: (1) that the petitioner's constitutional right to a speedy trial was violated when the petitioner demanded a speedy trial but the court vacated his jury trial date without cause or explanation, id. at 10; (2) "Article III venue violating constitution is the supreme law/dejure law of the 'land,' [illegible] use common law, 11th Amendment and harmony. The state of Wisconsin is a corporation and under the state of Wisconsin states:", id. at 10-11; (3) that the court commissioner violated the Eighth Amendment of the United States Constitution by imposing a $250,000 bail when the petitioner has pled not guilty and is indigent, id. at 11; and (4) an alleged violation of the Fourth Amendment that says only, "CR-215—probable cause form is attached to the complaint. It is a requirement sealed by stamp and approved by a judge. Then filed in the clerk of courts", id. at 12.

3

C.   Analysis

The court must dismiss the petition for several reasons. First, the state-court criminal proceedings against the petitioner are ongoing. The petitioner still has what the U.S. Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

This federal court cannot interfere with ongoing state criminal proceedings. The petitioner has not cited extraordinary circumstances. He has the ability to address his concerns in state court—he may file a motion with the Milwaukee County judge making his speedy trial argument or challenging the amount of bail, or file a motion to suppress if he believes that his Fourth Amendment rights were violated.

Second, the petition is premature. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). The petitioner's

4

claims have not yet been finally determined by the state trial court. He has not presented his claims to the court of appeals or sought review of the court of appeals' decision in the Wisconsin Supreme Court. The petitioner has not, therefore, exhausted his state remedies, which is required before seeking *habeas* relief in federal court.

Third, most of the relief the plaintiff seeks—"dismissal of all charges," "a reduction of bail" and "an immediate consideration of GPS or home detainment"—is relief that only the state court can grant while the state case remains pending. As to the petitioner's request for "$2.5 million American dollars" in money damages, monetary relief is not available to a *habeas* petitioner. Waletzki v. Keohane, 13 F.3d 1079, 1081 (7th Cir. 1994).

The court will dismiss the petition.

## III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of

5

appealability, because reasonable jurists could not debate that the petition does not warrant *habeas* relief under 28 U.S.C. §2254(d).

## IV. Conclusion

The court **DENIES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**.

Dated in Milwaukee, Wisconsin this 28th day of October, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**